UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

VAN MARTIN, individually

    Plaintiff,

v.

                                JURY TRIAL DEMANDED

WAKEFIELD AND ASSOCIATES, INC.,
a Colorado corporation,

    Defendant.
_____/

**COMPLAINT**

1. This action arises from Defendant's violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"). The FDCPA was enacted "to eliminate abusive debt collection practices by debt collectors." 15 U.S.C. § 1692(e). The statute provides for civil liability for a wide range of abusive actions, including, but not limited to the false representation of the character, amount, or legal status of any debt, and the threat to take any action that cannot legally be taken or that is not intended to be taken. "A single violation of the Act is sufficient to subject a debt collector to liability under the Act." *Lewis v. Marinosci Law Grp., P.C.*, 2013 WL 5789183, at *2 (S.D. Fla. Oct. 29, 2013).

2. Here, by virtue of Defendant engaging in unlicensed debt collection, a misdemeanor in the State of Florida, Plaintiff has not only become the victim of criminal activity, he has been deprived of the benefit of the Florida Office of Financial Regulation's regulatory oversight of debt collectors and collection agencies who conduct business in the State of Florida.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). The FDCPA is a federal statute.

4. Venue is proper in this judicial district because Defendant engaged in the complained of collection activities in this district. 28 U.S.C. § 1391(b) ("A civil action may be brought in— (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, ...").

## PARTIES

5. Plaintiff, Van Martin ("Plaintiff"), is a natural person and resident of Miami-Dade County, Florida.

6. Plaintiff, as further described herein, is a consumer as defined by 15 U.S.C. § 1692a(3).

7. Defendant, Wakefield and Associates, Inc. ("Wakefield"), is a Colorado corporation whose address is 10800 E. Bethany Dr., Ste. 450, Aurora, CO 80014, and whose registered agent for service of process is Incorp Services Inc., 17888 67th Court North, Loxahatchee, FL 33470.

8. Wakefield, through the use of various instrumentalities of interstate commerce, including the telephone, is engaged in a business the principal purpose of which is the collection of "debt" as that term is defined by 15 U.S.C. § 1692a(5).

9. According to its website, https://www.wakeassoc.com/, Wakefield "has established itself as a leading provider of accounts receivable management and delinquent account recovery in the healthcare arena." Wakefield is a "debt collector" as defined by 15

U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

10.     On February 20, 2019, Plaintiff received a telephone call from Defendant. The call was made in connection with the collection of an alleged medical debt in the amount of $464.00, owed to MCT Express, Inc. —a "debt" as defined by 15 U.S.C. § 1692a(5). *See Higgens v. Trident Asset Management, LLC*, No. 16-cv-24035 (S.D. Fla. June 16, 2017).

11.     MCT Express, Inc., d/b/a Miami Dade Ambulance Service, is a Florida corporation whose principal address is 2766 NW 62 St., Miami, FL 33147.

12.     On March 15, 2019, Plaintiff received a second telephone call from Defendant, again made in connection with the collection of the alleged medical debt described above.

13.     At no time during the February 20, 2019 or the March 15, 2019 telephone calls was Defendant registered with the State of Florida as a consumer collection agency.



## COUNT I
## VIOLATIONS OF THE FDCPA
## 15 U.S.C. §§ 1692e, 1692e(5), 1692e(10)

14. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

15. Section 1692e of the FDCPA prohibits "false, deceptive, or misleading" behavior, including using "false representation or deceptive means to collect or attempt to collect any debt." Id. § 1692e(10). Section 1692e(5) prohibits a debt collector from threatening to take *action that cannot legally be taken* or that is not intended to be taken. *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1193 (11th Cir. 2010).

16. A person may not engage in business in the State of Florida as a consumer collection agency or continue to do business in the State of Florida as a consumer collection agency without first registering as such, and thereafter maintaining a valid registration. *See* Fla. Stat. § 559.553(1). A violation of state law may, as is the case here, be a violation of the FDPCA. *See LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1192 (11th Cir. 2010) ("[C]ollection activities that use 'any false, deceptive, or misleading representation or means,' . . . under state law, will also constitute FDCPA violations."). *See also Ambroise v. Am. Credit Adjusters, LLC,* No. 15-22444-CIV, 2016 WL 6080454, at *2 (S.D. Fla. Mar. 22, 2016) ("Plaintiff's Complaint adequately states a claim for statutory damages pursuant to the FDCPA based on Defendant's attempt to collect on a debt while failing to register with the Florida Office of Financial Regulation.").

17. Defendant violated 15 U.S.C. §§ 1692e, 1692e(5), and 1692e(10) by attempting to collect a consumer debt in the State of Florida *without first obtaining and thereafter maintaining a valid registration*. By attempting to collect debt in the State of Florida without first registering as a consumer collection agency, Defendant was engaged in

actions that could not legally be taken. Defendants' failure to disclose that it was not licensed to collect debt in the State of Florida (and therefore prohibited from doing so) constitutes false, deceptive, or misleading representation made in connection with the collection of debt.

18.     15 U.S.C. § 1692k(a) provides that a debt collector who fails to comply with any provision of the FDCPA with respect to any person is liable to such person for up to $1,000 in statutory damages, actual damages, the costs of the action, together with a reasonable attorney's fee as determined by the court.

**WHEREFORE**, Plaintiff requests judgment in her favor, and against Defendant for:

a. Statutory damages in the amount of $1,000 dollars;

b. Actual damages;

b. Attorney's fees, litigation expenses and costs of suit;

c. Such other or further relief as the Court deems proper.

Dated: March 21, 2019

Respectfully submitted,

s/ *Scott D. Owens*
Scott D. Owens, Esq.
**SCOTT D. OWENS, P.A.**
3800 S. Ocean Dr., Ste. 235
Hollywood, FL 33019
Tel: 954-589-0588
Fax: 954-337-0666
*scott@scottdowens.com*